## 11870

### RUBIN v. NORTHWESTERN R. CO. OF S. C.

#### (130 S. E., 549)

CARRIERS—INITIAL AND TERMINAL CARRIERS ARE AGENTS FOR EACH OTHER.
—Initial and terminal carriers are agents for each other, and notice to one is notice to the other.

Before WILSON, J., Clarendon, June 1925.    Affirmed.

Action by S. Rubin against the Northwestern Railroad Company of South Carolina. Judgment for plaintiff and defendant appeals.

*Mr. R. O. Purdy,* for appellant, cites: *Given condition shown presumed to continue until contrary shown:* 116 S. C., 190; 66 S. C., 477. *Duty of carrier to inspect packing before accepting goods:* 10 C. J., 119. *Verdict capricious:* 127 S. E., 265.

*Mr. J. J. Cantey,* for respondent, cites: *Given condition shown presumed to continue until contrary shown:* 82 S. C., 121; 66 S. C., 477. *Initial and terminal carriers agents of each other:* 241 U. S., 87. *Verdict not excessive:* 226 U. S., 491. *Error not affecting substantial right:* Code Civ. Proc., 1922, Sec. 439. *Damages question for jury:* 116 S. C., 190.

December 1, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was commenced on the ——— day of———, 1924, for the recovery of damages to a shipment of household goods of the plaintiff from New York to Summerton, S. C., and came on for trial before Hon. John S. Wilson and a jury, at the June, 1925, term of the Court. At the

conclusion of the testimony, defendant made a motion for a directed verdict and the motion was refused. The jury found a verdict in favor of the plaintiff for $150, and a motion for a new trial was made upon the grounds:

"(1) That the shipment was delivered in good order to the plaintiff;

"(2) That there is no evidence that any damage was done to the shipment, while in the custody of the defendant; but, on the contrary, it appears that the damage, if any, was not done by the defendant; and

"(3) Upon the ground that the verdict, as a matter of law, under the evidence, is excessive."

The exceptions, three in number and subdivisions, raise the question as made by the motion for a new trial, refusal to grant a directed verdict, and error on the part of his Honor in his charge to the jury.

The evidence shows that the goods were delivered by the plaintiff to the initial carrier in good condition, and there was sufficient evidence to carry the case to the jury; that the goods were damaged when delivered to the plaintiff, whether by initial carrier or terminal carrier is immaterial, as initial carrier and terminal carrier were agents for each other and notice to one was notice to the other. *Northern Railroad Co. v. Wall,* 241 U. S., 87; 36 S. Ct., 493; 60 L. Ed., 905.

Under the whole evidence in the case, the jury were justified in rendering the verdict they did, and it cannot be regarded as excessive. We see no error as complained of, as his Honor gave the law correctly; the facts were for the jury, and we do not think the verdict of the jury should be disturbed.

All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN and MARION concur.